IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

Vs.                                                    No.  03-40102-02-SAC

ANNETTE DENEAN BROWN,

Defendant.

MEMORANDUM AND ORDER

This case comes before the court on defendant's motion to reduce or correct sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Defendant was sentenced by this court on June 23, 2004 and is presently in custody.  In this motion, defendant contends that she has cooperated with the government by providing them with information which has led to arrests and convictions in other drug cases.  Defendant additionally asks for the appointment of counsel to represent her in this proceeding.  The government has filed a response under seal.

Federal Rule of Criminal Procedure 35(b) provides:

The court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's

subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.  The court may consider a government motion to reduce a sentence made one year or more after imposition of the sentence where the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after imposition of sentence.  The court's authority to reduce a sentence under this subsection includes the authority to reduce such sentence to a level below that established by statute as a minimum sentence.

To date, the government has not filed a Rule 35(b) motion.  This court's authority to force such a motion is extremely limited.

Federal district courts have authority to review a prosecutor's discretionary refusal to file a Rule 35(b) motion in three narrow instances: (1) if the refusal violates an agreement with the government, *see, Wade v. United States*, 504 U.S. 181, 185, 112 S. Ct. 1840, 1843-44, 118 L. Ed. 2d 524 (1992); (2) if the refusal was based on an unconstitutional motive, *id.*, at 185-86, 112 S. Ct. at 1843-44; or (3) "in an egregious case, where the prosecutor stubbornly refuses to file a motion despite overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief," *United States v. Kuntz*, 908 F.2d 655, 657 (10th Cir. 1990). *United States v. Lee*, 989 F.2d 377, 379-80 (10th Cir. 1993).

*United States v. Kopp*, 175 F.R.D. 329, 331 (D. Kan. 1997).

Defendant's motion fails to allege any of these three instances. Accordingly, the court lacks authority to grant defendant's motion.  Her request for counsel is denied as moot.

IT IS THEREFORE ORDERED that defendant's motion is denied.

2

Dated this 13th day of December, 2005, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge